

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 1:09-CR-172(1) |
| | § | |
| JERMAINE DARNELL PALMER | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter was referred to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On April 13, 2010, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, Jermaine Darnell Palmer, on **Count One** of the charging **Indictment** filed in this cause. Count One of the Indictment charges that on or about October 4, 2005, and continuing through on or about February 24, 2006, in the Eastern District

of Texas, and elsewhere, Jermaine Darnell Palmer, defendant, executed the scheme and artifice to defraud by causing FEMA to mail to him via the United States Postal Service, United States Treasury Checks in the amount of $2,000.00, $1,559.22, and $3,063.00, respectively, for disaster related assistance, in violation of 18 U.S.C. § 1341. *See Indictment.* The Indictment also contains several introductory paragraphs setting forth facts in support of the alleged scheme and artifice and manner and means of the scheme to defraud.

Defendant, Jermaine Darnell Palmer, entered a plea of guilty to Count One of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b. That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

d. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crimes charged under 18 U.S.C. § 1341.

**STATEMENT OF REASONS**

As factual support for Defendant's guilty plea, the government presented the following evidence. *See Factual Basis and Stipulation.* In support, the Government would prove that Defendant, Jermaine Darnell Palmer, is one and the same person charged in the Indictment and that the events described in the Indictment occurred in the Eastern District of Texas and elsewhere. The Government would also have proven, beyond a reasonable doubt, each and every essential element of the offense alleged in the Indictment through the testimony of witnesses, including expert witnesses, and admissible exhibits. Specifically, the Government would prove the following stipulated facts through the following evidence:

United States Department of Homeland Security Office of Inspector General (OIG) Special Agent (SA) Stacey Hephner would testify, and the results of her investigation regarding a Federal Emergency Management Association (FEMA) claim relating to Hurricane Rita filed by defendant Jermaine Darnell Palmer would demonstrate, that, on or about October 4, 2005, defendant Jermaine Darnell Palmer applied for FEMA benefits relating to what he falsely claimed to be his primary residence, namely, 3101 34th Street, Port Arthur, Texas, and falsely claiming that he was the owner of the property and that he was in need of emergency assistance relating to his evacuation from said residence, and in need of assistance relating to damage to his 1997 Ford Taurus. The claimed residence belonged to his mother. Also, in making claims to FEMA on

October 10th, 30th, and 31st, defendant Palmer used Social Security Numbers other than his own. Based on these materially false statements and claims, on or about October 4, 2005, and continuing through on or about February 24, 2006, three (3) United States Treasury checks in the amounts of $2,000.00, $1,559.22, and $3,063.00, were issued to defendant Palmer and sent to him by means of the United States mail. On April 24, 2008, defendant Jermaine Darnell Palmer, in an interview with Special Agent Hephner and United States Postal Inspection Service Inspector Chuck Kelley acknowledged that he made several false applications for FEMA funds, and that he received FEMA checks as a result relating to Hurricane Rita.

Defendant, Jermaine Darnell Palmer, agreed with the above-stated facts. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## **RECOMMENDED DISPOSITION**

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count One** of the charging **Indictment** on file in this criminal proceeding. The Court also recommends that the District Court accept the plea agreement.[1]

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent

4

Accordingly, it is further recommended that, Defendant, Jermaine Darnell Palmer, be finally adjudged as guilty of the charged offense under Title 18, United States Code, Section 1341.

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen

---

the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

(14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 1(a), 6(b), and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 15th day of April, 2010.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE